IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                        **CAUSE NO. 1:16cr98-LG-JCG-8**

**SHAWNTAE MAURICE FAIRLEY**

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [230] Motion for Compassionate Release filed by the defendant, Shawntae Maurice Fairley. The Government has filed a response in opposition to the Motion. Fairley has not filed a Reply. (*See* Notice of Intent, ECF No. 235). After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Fairley's Motion should be denied.

### DISCUSSION

On June 13, 2017, Fairley was convicted of one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 360 months' imprisonment, 5 years' supervised release, a $3,000 fine with interest waived, and a special assessment of $100. He is currently serving his sentence at USP Thomson.

On May 25, 2021, Fairley filed a Motion for Compassionate Release, claiming that he is more vulnerable to COVID-19 due to his high blood pressure and bad heart. He maintains that the conditions at USP Thomson create an optimal environment for the transmission of COVID-19. Fairley also argues that he needs

to be with his family so he can look over them. The Government objects to Fairley's Motion on its merits.[1]

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued a relevant policy since the First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for compassionate release.[2] The old pre-FSA policy statement appears in U.S.S.G. § 1B1.13, and only applies to "'motion[s] of the Director of the Bureau of Prisons.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13). District courts are not bound by the policy statement nor the commentary but are bound only by § 3582(c)(1)(A)(i) and the § 3553(a) factors. *Shkambi*, 993 F.3d at 393. Courts nonetheless find § 1B1.13 informing to the analysis of what may be "extraordinary and compelling" to merit compassionate release. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020).

---

[1] *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

[2] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

Here, the Court finds that Fairley's medical conditions do not justify release. His medical conditions are not terminal and do not substantially diminish his ability to provide self-care in the institutional setting or otherwise present extraordinary and compelling reasons justifying compassionate release. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. § 1B1.13 cmt. n.1(A)). The Court recognizes that high blood pressure can make Fairley more susceptible to serious illness should he contract COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 30, 2021). The record reflects, however, that Fairley is receiving medical care for his conditions. (*See* Medical Records, ECF No. 238).

Fairley's generalized fear of contracting COVID-19 also does not justify compassionate release. *See Thompson*, 984 F.3d at 435. There are currently no confirmed cases at USP Thomson amongst inmates. *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov.coronavirus/ (last visited June 30, 2021). This Court has repeatedly recognized that the BOP is taking significant measures to protect the health of the inmates in its charge. The record also reflects that Fairley has received both doses of the Moderna vaccine. (Gov.'s Resp., at 11, ECF No. 236). Although not 100% effective at preventing COVID-19 infection, the vaccine substantially reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions. *See United States v. Schad*, No. 2:17-225-3, 2021 WL 1845548, at *3 (S.D. Tex. May 5, 2021). Moreover, Fairley's

family circumstances can only justify compassionate release in extreme situations, such as incapacitation or death of the caregiver of the minor child. *See, e.g.*, *United States v. Bowyer*, 2020 WL 5942195, at *2 (E.D. La. Oct. 7, 2020). Fairley claims that his mother is raising his kids alone, albeit with health issues, but has not alleged an extreme family circumstance justifying release. *See id.* Therefore, the Court finds that Fairley's claims, and generalized concerns of contracting COVID-19, are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The § 3553(a) factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Fairley was convicted of one of three counts in the indictment. He had a total offense level of 39 and a criminal history category of IV. (Presentence Investig. Report ("PSR"), at ¶¶ 89, 96, at 15, 17, ECF No. 163). The PSR reflects that he has multiple prior drug convictions. Requiring Fairley "to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 694; *see also* 18 U.S.C. § 3553(a)(2)((A), (B). The Court commends Fairley on his enrollment in various classes offered at USP Thomson. However, to prematurely release Fairley would potentially create an unwarranted disparity "among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). For all these reasons, the Court finds that a reduction in Fairley's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [230] Motion for Compassionate Release filed by the defendant, Shawntae Maurice Fairley, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE